IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY CANDLER,<br><br>            Petitioner,<br><br>       vs.<br><br>J.E. SLADE,<br><br>            Respondent. | No. CV-F-05-020 REC<br>(No. CR-F-95-5193 MDC)<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR DEFAULT JUDGMENT,<br>DISMISSING PETITION FOR LACK<br>OF JURISDICTION AND<br>DIRECTING CLERK TO ENTER<br>JUDGMENT |

On December 1, 2004, petitioner Stacy Candler filed a "Petition for Writ of Habeas Corpus By a Person in Federal Custody" pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California.  The matter was transferred to this court by Order filed on December 16, 2004, the Central District ruling that the petition is deemed to be a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and further ruling:

> By challenging the legality of her federal
> sentence, not its execution, the Petition

1

| | |
|---|---|
| 1 | should have been brought, and is construed |
| 2 | as, a successive Section 2255 motion. Petitioner appears to have brought the |
| 3 | Petition as a Section 2241 petition in order to avoid having to obtain Circuit |
| 4 | authorization to file a second or successive Section 2255 motion.  Regardless, since venue |
| 5 | is properly located in the Eastern District of California, the ultimate decision of |
| 6 | whether the Petition should be dismissed as an unauthorized successive Section 2255 |
| 7 | motion is properly reserved for the sentencing judge. |

After the action was transferred to this court, an entry was made on January 1, 2005 on the docket in the civil case designation: "Set Case Management deadline of 3/3/2005 for respondent to respond to the petition".  This docket entry was not made pursuant to any court order that respondent file a response to the petition nor is there any indication that respondent was served with the docket entry either electronically or by mail.

On July 22, 2005, petitioner filed a motion for default judgment, contending that she is entitled to immediate release from incarceration because respondent had not filed a response to her petition within the time set forth on the January 1, 2005 docket entry.

Petitioner's motion for default judgment is denied.  The court had not yet reviewed the petition and had not ordered a response to it from respondent.  The docket entry was for internal tracking purposes only.

The court dismisses petitioner's deemed Section 2255 motion. The record in this action establishes that petitioner filed a

1 Section 2255 motion on April 27, 1998, which motion was denied by
2 Order filed on July 9, 1998.  Therefore, petitioner cannot
3 proceed with the instant motion until he applies for leave to
4 file a second or successive Section 2255 motion with the Ninth
5 Circuit Court of Appeals and receives permission from the Ninth
6 Circuit to so proceed.  Absent such permission, this court lacks
7 jurisdiction to consider the merits of the instant motion.
8 United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998).
9     ACCORDINGLY:
10    1.  Petitioner's motion for default judgment is denied.
11    2.  Petitioner's deemed motion to vacate, set aside or
12 correct sentence pursuant to 28 U.S.C. § 2255 is dismissed.
13    3.  The Clerk is directed to enter judgment for respondent.
14    IT IS SO ORDERED.

**Dated:  December 8, 2005**          **/s/ Robert E. Coyle**
668554                          UNITED STATES DISTRICT JUDGE